**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-20504-CIV-DAMIAN/D'ANGELO**

NALEXUS SHIELDS, on behalf of
herself and all others similarly situated,

      Plaintiff,

vs.

ADTALEM GLOBAL EDUCATION INC.
and ADTALEM GLOBAL HEALTH, INC.
d/b/a AMERICAN UNIVERSITY OF THE
CARIBBEAN SCHOOL OF MEDICINE,

      Defendants.

_____/

## ORDER DENYING MOTION TO COMPEL

**THIS CAUSE** is before the Court on Defendants' Motion to Compel Discovery filed on July 13, 2026 (DE 47).[1]  Plaintiff filed her response in opposition on July 16, 2026 (DE 48).  The Court held a hearing on the Motion on August 11, 2026, at which it heard the arguments of the Parties.  Having considered the Parties' arguments, the relevant legal authorities, and the pertinent portions of the record, and being otherwise fully advised on the premises, for the reasons stated herein and further detailed on the record at the August 11, 2026 hearing, it is hereby **ORDERED** that Defendants' Motion to Compel is **DENIED**.

In their Motion, Defendants seek to compel "information about the marketing materials Plaintiff considered when applying to medical school . . . and the medical schools to which she considered applying" (DE 47 at 1). Additionally, Defendants asked Plaintiff to produce "documents relating to the marketing materials she reviewed when considering medical school, . .

---

[1] This case was referred to the undersigned Magistrate Judge for all pretrial discovery matters (DE 29).

. her medical school applications, . . . and her social media activity about medical schools" (DE 47 at 2). In doing so, Defendants seek information to evaluate Plaintiff's "optionality" as a factor in whether or not she is a "reasonable consumer" for purposes of a FDUTPA claim:

> [W]hether a deceptive act occurred 'is only satisfied by evaluating a reasonable consumer in the same circumstances as the plaintiff' . . . a reasonable consumer without optionality is in a different circumstance than a consumer with optionality. Additionally, if Plaintiff considered marketing materials from other medical schools that published higher pass rates than AUC, that undermines Plaintiff's contention that AUC's lower pass rate induced her to enroll or otherwise constituted a deceptive act.

(DE 47 at 3-4 (*citing Deere Constr., LLC v. CEMEX Constr. Materials Fla., LLC*, 2016 WL 8542540, at *3 (S.D. Fla. Dec. 1, 2016)). But, the Eleventh Circuit has determined that subjective reliance is not an element of a FDUTPA claim. *See Carriuolo v. GM Co.*, 823 F.3d 977, 985 (11th Cir. 2016) ("[A] plaintiff asserting a FDUTPA claim 'need not show actual reliance on the representation or omission at issue,' the mental state of each class member is irrelevant." (citation omitted)). Here, Plaintiff's "optionality" and what criteria she considered in selecting a school, or which schools she applied to, are irrelevant, because evidence of Plaintiff's subjective reliance on Defendants' alleged misrepresentations is not needed to prove a FDUTPA claim. *See id.* at 984 ("[A] party asserting a deceptive trade practice claim need not show actual reliance on the representation or omission at issue." (citation omitted)). Nor were Defendants able to show how the requested discovery would be relevant to proving or disproving any element of a FDUTPA claim, including whether the alleged practice was likely to deceive a consumer acting reasonably in the same circumstances. Accordingly, Defendants' Motion to Compel (DE 47) is **DENIED**.

The Court announced its rulings on the record at the hearing held on August 11, 2026, and thus, this Order is effective as of that date. To the extent the Court made additional or more

2

detailed rulings on the record that are not memorialized in this written Order, those rulings are binding on the Parties as set forth on the record.

**DONE and ORDERED** in Chambers in Miami, Florida on this 12th day of August, 2026.

_____
ELLEN F. D'ANGELO
UNITED STATES MAGISTRATE JUDGE

cc:      All Counsel of Record

3